# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**MIKE ODELL WINSTEAD, #82549**                                                       **PETITIONER**

**VERSUS**                                                  **CIVIL ACTION NO. 4:05cv91TSL-AGN**

**CLIFTON KAHO, Warden; and**
**JIM HOOD, Attorney General**                                                       **RESPONDENTS**

OPINION AND ORDER

On May 16, 2005, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested in forma pauperis status. On May 17, 2005, an order was entered denying the petitioner's request to proceed in forma pauperis and ordering the petitioner to pay the required $5.00 filing fee, within twenty days. On June 6, 2005, the petitioner filed a motion for an extension of time to pay the filing fee. On June 10, 2005, an order was entered granting this motion and directing the petitioner to comply with the court's order within twenty days. The petitioner was warned in this court's order of June 10, 2005, that failure to timely comply with the requirements of the order may lead to the dismissal of his petition. The petitioner failed to pay the filing fee for this action, thereby failing to comply with the court's order.

On July 22, 2005, an order was entered directing the petitioner to show cause, in writing and within fifteen days, why this case should not be dismissed for his failure to comply with the court's order. The petitioner was warned in this court's order of July 22, 2005, that failure to timely comply with the requirements of the order would lead to the dismissal of his petition,

without further written notice to the petitioner.  The petitioner failed to comply with this order.        The petitioner's failure to comply with two orders of this court indicates his lack of interest in pursuing this claim.  This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the respondents have not been called upon to respond to the petition, and have never appeared in this action, and since the court has never considered the merits of the petition, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the   24th      day of September, 2005.

          /s/ Tom S. Lee
          UNITED STATES DISTRICT JUDGE